# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1782

_____

| | | |
|---|---|---|
| Lincoln Benefit Life Company, Inc., | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| eWealth USA, Inc.; eWealth America, | * | |
| Inc.; Argent Capital Corporation; | * | [UNPUBLISHED] |
| Argent Financial Services, Inc., | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: October 11, 2002

Filed: October 18, 2002

_____

Before McMILLIAN, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Following a bench trial, the District Court[1] found that Appellants (AFS/eWealth) breached a February 2000 credit agreement with Lincoln Benefit Life Company (LBL). AFS/eWealth had argued that its president, Sam Watson, did not have the authority to enter into the agreement. The District Court also found in LBL's

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

favor with respect to AFS/eWealth's counterclaim that the parties formed a credit agreement in 1999 that LBL breached. AFS/eWealth now challenges the District Court's findings of fact with respect to the February 2000 contract and the alleged 1999 agreement. AFS/eWealth also argues that the District Court should have taken LBL's admissions as conclusive fact that a 1999 agreement existed and that the District Court improperly allocated the burden of proof to AFS/eWealth on the issue of Watson's lack of authority.

We review a district court's findings of fact, such as those concerning the existence of a contract, for clear error, see Kansas City Power and Light Co. v. Burlington Northern R.R. Co., 707 F.2d 1002, 1003 (8th Cir. 1983), and we review its findings of law de novo, see Appley Bros. v. United States, 164 F.3d 1164, 1170 (8th Cir. 1999). Having done so, we agree with the District Court, for the reasons it provided, that AFS/eWealth breached the February 2000 contract and that the parties did not enter into another contract in 1999 or at any other time.

As for the procedural disputes, we also agree with the District Court. First, the District Court did not err in construing LBL's admissions. Second, although AFS/eWealth argues that Watson lacked authority to enter into the February 2000 agreement, we agree with the District Court that, pursuant to Federal Rule of Civil Procedure 16(e), AFS/eWealth waived this issue by not raising it in the pretrial order. Relatedly, because AFS/eWealth waived its argument on the lack-of-authority issue, any dispute over the burden of proof concerning that issue is moot.

None of the District Court's findings of fact is clearly erroneous, and no error of law appears. We therefore affirm the judgment in favor of LBL on the basis of the District Court's thorough and well-reasoned opinion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.